## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

In re:

BIG DADDY GUNS, INC.,                    CASE NO.: 23-10053-KKS

BIG DADDY GUNS 2, INC.,                  CASE NO.: 23-10054-KKS

                                         CHAPTER 11

     Debtors.                           Jointly Administered under
_____/                           Case No.: 23-10053

**ZEN CAPITAL,**

     **Plaintiff (claimant),**

**vs.**

**WIDE OPEN ENTERPRISES
DBA WIDE OPEN TRIGGERS,
AMERICA UNLIMITED INC.,
BIG DADDY BRANDS, INC.,
BIG DADDY ENTERPRISES, INC.,
BIG DADDY GUNS 2 INC.,
BIG DADDY GUNS 3, INC.,
BIG DADDY GUNS INC.,
BIG DADDY HEALTH INC.,
BIG DADDY MANUFACTURING INC.,
BIG DADDY ORDNANCE, INC.,
BIG DADDY UNLIMITED, INC.,
OTPYG, INC., SURVIVAL
DISPATCH, INC., WFO ENTERPRISES,
INC., XCLUDED MEDIA INC.,
BIPPY FILMS LLC, AMERICA
UNLIMITED MARKETING INC.,
ANTHONY AMATO, BIG DADDY
GUNS OF OCALA, BIG DADDY
UNLIMITED INC., and
ANTHONY MICHAEL MCKNIGHT,**

     **Defendants (respondents).**
_____/

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1452(a) and Fed. R. Bankr. P. 9027, Defendants BIG DADDY GUNS INC., BIG DADDY GUNS 2, INC., ("Debtor Defendants"), through counsel, hereby gives notice of removal of the state court action described below that is currently pending in the Circuit Court of the 8th Judicial Circuit in and for Alachua County, Florida (the "State Court") to the United States Bankruptcy Court, Northern District of Florida, Gainesville Division (the "**Notice of Removal**"). The grounds for removal are set forth below:

1.       On March 21, 2023, the Debtor Defendants filed voluntary petitions for Reorganization in the U.S. Bankruptcy Court, Northern District of Florida. The Chapter 11 cases were assigned Case Nos. 23-10023 and 23-10024 and were assigned to the Honorable Karen K. Specie for administration.

2.       The parties to this Removed Proceeding are Zen Capital ("Zen"), Plaintiff[1], and Wide Open Enterprises Dba Wide Open Triggers, America Unlimited Inc., Big Daddy Brands, Inc., Big Daddy Enterprises, Inc., Big Daddy Guns 2 Inc., Big Daddy Guns 3, Inc., Big Daddy Guns Inc., Big Daddy Health Inc., Big Daddy Manufacturing Inc., Big Daddy Ordnance, Inc., Big Daddy

---

[1] Denominated "Petitioner" in the State Court.

Unlimited, Inc., Otpyg, Inc., Survival Dispatch, Inc., WFO Enterprises, Inc., Xcluded Media Inc., Bippy Films LLC, America Unlimited Marketing Inc., Anthony Amato, Big Daddy Guns Of Ocala, Big Daddy Unlimited Inc., And Anthony Michael McKnight ("Defendants"). [2]

3.    The Debtor Defendants and others borrowed money from Plaintiff, related entity Meged Funding Group Corp. ("Meged") and allegedly unrelated entity Redstone Advance Inc. ("RSA") under a vehicle known as "Merchant Cash Advances") or MCA.

4.    Plaintiff, Meged, Wynwood and Redstone, collectively where appropriate, designated the "MCA Lenders."

5.    On August 16, 2022 Plaintiff obtained the entry of an arbitration award (the "Award") against the Defendants. On August 31, 2022 Plaintiff filed its Petition To Confirm And Enter Judgment Thereon in Alachua County, Eighth Judicial Circuit (the "Petition to Confirm").  The Petition to Confirm, with the Award annexed thereto as Exhibit "A", is annexed hereto as Exhibit "1."

6.    Plaintiff alleges that by November 8, 2022. Defendants had been served with process of the Petition and Summons.

---

[2] Denominated "Respondents" in the State Court. Of the foregoing Respondents, Big Daddy Guns Inc. and Big Daddy Guns 2 Inc. are Chapter 11 Debtors. Otpyg, Inc., not a removing party, was a Chapter 7 Debtor, Case No. 22-10186-KKS. The case concerning Otpyg, Inc. was closed on March 2, 2023. The entity "Big Daddy Guns Of Ocala", upon information and belief, does not exist, and upon further information and belief was sued as a d/b/a/ for one or both of the Debtor Defendants.

7.      On February 3, 2023, Plaintiff entered judgment against Defendants, including Debtor Defendants in the amount of $3,433,367.05 plus post-judgment interest accruing from the date of the Arbitration Award at a rate of 4.75% per annum, plus costs and attorneys' fees (the "Judgement"). A copy of the Judgment is annexed hereto as Exhibit "2."

8.      On February 16, 2023, Defendants served an Amended Motion[3] for Rehearing and Motion to Set Aside Order Confirming Arbitration Award and Final Judgment, a copy of which is annexed hereto as Exhibit "3."

9.      On March 2, 2023, the State Court entered an Order Denying Motion to Set Aside Judgment Confirming Arbitration Award, a copy of which is annexed hereto as Exhibit "4."

10.      On March 15, 2023, Plaintiff served a Corrected Motion for Sanctions, a copy of which is annexed hereto as Exhibit "5" (the "Sanctions Motion") The Sanctions Motion sought relief against Defendants, including Debtor Defendants, and counsel.

11.       On April 3, 2023, Plaintiff served a Motion to Compel Defendants, including Debtor Defendants, to file Form 1.977s (the "Motion to Compel"). A Form 1.977 is a detailed request for financial information about the Defendants, including

---

[3] All references to "Amended" or "Corrected" motions relate to additions of certifications on attempts to resolve the matters.

Debtor Defendants A copy of the Motion to Compel is annexed hereto as Exhibit "6".

12.    An April 3, 2023, the Defendants, including Debtor Defendants, filed a Notice of Appeal of Order Denying Motion to Set Aside Judgment. A copy of the Notice of Appeal is annexed hereto as Exhibit "7".

13.    Exhibits "1" through "7" constitutes the pleadings in this case. Any further documents will be provided to this Court or the Bankruptcy Court on request.

14.    The State Court Action has been assigned Index Number 2022-CA-002743.

15.    Since the Debtor Defendants filed their Chapter 11 petitions on March 21, 2023 and the automatic stay has not been lifted, this Notice of Removal is being timely filed pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure.

16.    This action is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)((A), (B),(K), M) and (O) in that the action concerns (i) the disposition of property of the estate; (ii) determination of a claim of Plaintiff, an alleged creditor, against the Debtor Defendants; (iii) the ability of the Debtor to collect its receivables; and (iv) the relative priorities afforded the major disputed creditors of these Debtor Defendants.

17.    Even though the Award has been confirmed as a judgment, there are bankruptcy-related issues that require adjudication. Those include, but are not

limited to:

(a)     The extent to which the Judgment reflects unmatured interest under 11 U.S.C. §502(b)(2);

(b)     The extent to which the claim is subject to equitable subordination under 11 U.S.C. §510(c); and

(c)     The relative priority of their liens vis a vis other allegedly secured parties as described below.

18.     The Debtor Defendants' major creditors filed UCC security interest as follows:

Against Big Daddy Guns, Inc.

|   | "Lender" | Date | Remarks |
|---|---|---|---|
| 1 | Sports South LLC | 8/13/19 | Upon information and belief this is fully paid and satisfied |
| 2 | Worldwide Distributors | 1/19/21 | Upon information and belief this is fully paid and satisfied |
| 3 | Zen Capital | 12/30/21 | Arbitration award in the amount of $3,433,367.05. |
| 4 | Meged | 1/11/22 | Arbitration award in the amount of $3,313,576.91 |
| 5 | Redstone | 3/10/22 | UCC Filing |
| 6 | RSR | 5/19/22 | Upon certain inventory only and not accounts. Adversary proceeding seeks declaration on RSR's rights |

Against Big Daddy Guns 2, Inc.

|   | "Lender" | Date | Remarks |
|---|---|---|---|
| 1. | Worldwide Distributors | 1/19/21 | Upon information and belief this is fully paid and satisfied |
| 2. | Zen Capital | 12/31/21 | Arbitration award in the amount of $3,433,367.05. |
| 3. | Meged | 1/11/22 | Arbitration award in the amount of $3,313,576.91 |
| 4. | Redstone | 3/10/22 | UCC Filing |
| 5. | RSR | 5/19/22 | Upon certain inventory only and not accounts. Not subject of this proceeding |

19.     Because of the tangled nature of these proceedings, on April 11, 2023 the Debtor Defendants filed an Adversary Proceeding, Adv. Proc. No. 23-1001 (KKS) for declaratory relief and to determine the nature, extent, validity and priority of their interests in the Estates and property of the Estates (the "Adversary Proceeding").

20.     The Debtor-Defendants removed an action entitled Redstone Advance Inc. v. Big Daddy Unlimited, Inc. et. al., 23 Adv. 1002.

21.     The Debtor Defendants in alleged, in the Adversary Proceeding that the MCA Lenders entered into contracts with the Debtors. The terms of the contracts were part of standard-form contracts prepared by the MCA Lenders. The terms of the contracts when considered in context were unduly

7

oppressive, unconscionable and/or are against public policy.  As a result of the unequal bargaining power and oppressive terms, the contracts between the Debtors and the MCA Lenders are contracts of adhesion.

22.    Inasmuch as this action, referred to as the "Zen Removed Action," and the Adversary Proceeding cover much of the same factual ground, the Debtor Defendants are removing this action to the Bankruptcy Court.

23.    Pursuant to 28 U.S.C. Section 1334(d) and the amended Administrative Order, 4:95mc40111, as amended June 5, 2012, by the Hon. M. Casey Rodgers, a copy of which is annexed hereto as Exhibit "8" (the "Administrative Order"), the Bankruptcy Court has core jurisdiction over the determination of this action, as an Adversary Proceeding. See Fed.R.Bankr.P. Rule 7001(10).

24.    Consequently, the Zen Removed Action, which involves the collection and disposition of property of the Debtor as well as the proper administration of the Debtor's bankruptcy estate, should be decided by the Honorable Judge assigned to these proceedings.

25.    This action, as removed to this Court, is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1334 and is one which may be removed to this Court by the Debtor pursuant to the provisions of 28 U.S.C. Section 1452, in that the matter in controversy is a civil action related to a bankruptcy case.

Dated: April 17, 2023

JOSE I. MORENO, P.A.
*Proposed Counsel for the Debtors*
Florida Bar No. 659460
240 NW 76th Drive, Suite D
Gainesville, FL 32607
(352) 332-4422
Jimorenolaw@gmail.com
By: /s/ Jose I. Moreno
      Jose I. Moreno, Esq.

DAVIDOFF HUTCHER & CITRON LLP
Proposed Special Counsel for the Debtors
New York Bar No. 1674118
605 Third Avenue
New York, New York 10158
(914) 381-7400
rlr@dhclegal.com

By:/s/
 Robert L. Rattet, Esq.

EXHIBIT "1"

## IN THE CIRCUIT COURT FOR THE EIGHTH JUDICIAL CIRCUIT
## IN AND FOR ALACHUA COUNTY, FLORIDA

CIVIL DIVISION

Case No. **01-2022-CA-2743**

**DIVISION J**

ZEN CAPITAL,

       *Claimant*,

v.

WIDE OPEN ENTERPRISES DBA
WIDE OPEN TRIGGERS, AMERICA
UNLIMITED INC., BIG DADDY
BRANDS, INC., BIG DADDY
ENTERPRISES, INC., BIG DADDY
GUNS 2 INC., BIG DADDY GUNS
3, INC., BIG DADDY GUNS INC.,
BIG DADDY HEALTH INC., BIG
DADDY MANUFACTURING INC.,
BIG DADDY ORDNANCE, INC.,
BIG DADDY UNLIMITED, INC.,
OTPYG, INC., SURVIVAL
DISPATCH, INC., WFO
ENTERPRISES, INC., XCLUDED
MEDIA INC., BIPPY FILMS LLC,
AMERICA UNLIMITED
MARKETING INC., ANTHONY
AMATO, BIG DADDY GUNS
OF OCALA, BIG DADDY
UNLIMITED INC., and ANTHONY
MICHAEL MCKNIGHT,

       *Respondents*.

_____/

## <u>PETITION TO CONFIRM AND ENTER JUDGMENT THEREON</u>

**COMES NOW**, Plaintiff, ZEN CAPITAL ("Petitioner"), by and through undersigned

counsel, and files this Petition seeking to confirm an arbitration award against Respondents, WIDE

OPEN ENTERPRISES DBA WIDE OPEN TRIGGERS, AMERICA UNLIMITED INC., BIG

DADDY BRANDS, INC., BIG DADDY ENTERPRISES, INC., BIG DADDY GUNS 2 INC.,

BIG DADDY GUNS 3, INC., BIG DADDY GUNS INC., BIG DADDY HEALTH INC., BIG

DADDY MANUFACTURING INC., BIG DADDY ORDNANCE, INC., BIG DADDY UNLIMITED, INC., OTPYG, INC., SURVIVAL DISPATCH, INC., WFO ENTERPRISES, INC., XCLUDED MEDIA INC., BIPPY FILMS LLC, AMERICA UNLIMITED MARKETING INC., ANTHONY AMATO, BIG DADDY GUNS OF OCALA, BIG DADDY UNLIMITED INC., and ANTHONY MICHAEL MCKNIGHT (collectively "Respondents"), and entry of judgment in conformity with file arbitration awards pursuant to Florida Statute Sections 682.12 and 682.15, and in support thereof states as follows:

1. This is an action to confirm an Arbitration Award pursuant to Florida Statute, Sections 682.015 and 682.12 of the Florida Arbitration code.

2. Venue is proper under Florida Statute, Section 682.19 as Respondents maintain places of business.

3. Petitioner is authorized to conduct business in Florida.

4. By way of written Merchant Agreement and Security Agreement for the Purchase & Sale of Future Receivables Agreement dated May 13th, 2022 ("Agreement"), claimant ZEN CAPITAL ("Claimant") agreed to enter into a non-recourse merchant cash advance transaction to purchase a face value of $4,060,000.00 of future receivables of respondent WIDE OPEN ENTERPRISES DBA WIDE OPEN TRIGGERS ("WIDE OPEN") for a purchase price of $2,800,000.00.

5. After Respondents failed to meet their obligations under the Agreement, Petitioner demanded arbitration.

6. Arbitration commenced in New York, New York under the Commercial Arbitration Rules of MEDIATION & CIVIL ARBITRATION, INC. and an award was granted to Petitioner on August 16, 2022.

7. The amount in awarded to Petitioner is $3,433,367.05. A copy of the Award is attached hereto as Exhibit 'A'.

8. There is no justifiable issue of law or fact that could be raised by either party.

    **WHEREFORE,** Petitioner respectfully requests that this Court confirm the Arbitration Award and Enter Judgment thereon, and grant Petitioner any further relief as the Court deems just and proper.

Dated: August 31, 2022

**AINSWORTH + CLANCY, PLLC**
801 Brickell Ave., 8th Floor
Miami, Florida 33131
Telephone: 305-600-3816
Facsimile: 305-600-3817
*Counsel for Peitioner*

By: /s/ Ryan Clancy
Ryan Clancy, Esq.
Florida Bar No.: 117650
Email: ryan@business-esq.com
Email: info@business-esq.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via Florida ePortal on August 31, 2022 to all Parties of Record.

By: /s Ryan Clancy
Ryan Clancy, Esq.

# EXHIBIT "A"

## *Final Arbitration Award*

**MEDIATION & CIVIL ARBITRATION, INC.:**
**COMMERCIAL ARBITRATION**

| | |
|---|---|
| ZEN CAPITAL, | MCA Claim No.: 42709/2022 |
| *Claimant*, | |
| v. | |
| WIDE OPEN ENTERPRISES DBA WIDE OPEN TRIGGERS, AMERICA UNLIMITED INC., BIG DADDY BRANDS, INC., BIG DADDY ENTERPRISES, INC., BIG DADDY GUNS 2 INC., BIG DADDY GUNS 3, INC., BIG DADDY GUNS INC., BIG DADDY HEALTH INC., BIG DADDY MANUFACTURING INC., BIG DADDY ORDNANCE, INC., BIG DADDY UNLIMITED, INC., OTPYG, INC., SURVIVAL DISPATCH, INC., WFO ENTERPRISES, INC., XCLUDED MEDIA INC., BIPPY FILMS LLC, AMERICA UNLIMITED MARKETING INC., ANTHONY AMATO, BIG DADDY GUNS OF OCALA, BIG DADDY UNLIMITED INC., and ANTHONY MICHAEL MCKNIGHT, | **FINAL ARBITRATION AWARD** |
| *Respondents*. | |

Arbitral Seat:     New York, New York
Award Date:     August 16, 2022

Ira David, the undersigned, an arbitrator duly appointed under the prevailing Commercial Arbitration Rules of MEDIATION & CIVIL ARBITRATION, INC. (hereinafter, "MCA") in the above-captioned matter, hereby makes the following factual findings, legal conclusions, and final arbitral award:

**A.     General Background.**

1.      By way of written Merchant Agreement and Security Agreement for the Purchase & Sale of Future Receivables Agreement dated May 13th, 2022 ("Agreement"), claimant ZEN CAPITAL ("Claimant") agreed to enter into a non-recourse merchant cash advance transaction to purchase a face value of $4,060,000.00 of future receivables of respondent WIDE OPEN ENTERPRISES DBA WIDE OPEN TRIGGERS ("WIDE OPEN") for a purchase price of $2,800,000.00.

2.      The Agreement was secured by a personal guaranty and confession of award by respondent ANTHONY MICHAEL MCKNIGHT dated same ("COA"), whereby upon a default under the Agreement, assent and authorization was granted for Claimant's entry thereof, pursuant to CPLR § 7508, for all liquidated damages, costs, attorneys' fees, and pre-judgment interest. Additionally, the remaining Respondents agreed to an addendum to this Agreement by which said additional Respondents granted a security interest to further guarantee performance by WIDE OPEN under the Agreement.

3.      Under the Agreement, Respondent covenanted to allow Claimant access to their online banking accounts and repayment through ACH debits at all times unless and until satisfaction of the Agreement has been made in full.

4.      Under the Agreement, the events constituting a default by Respondent and the remedies available to Claimant are delineated.

5.      Claimant asserts that Respondent WIDE OPEN has failed to meet its obligations since February 10, 2022. On or about February 18, 2022, the parties entered into an agreement entitled to be a Stipulation Agreement & Release (the "Stipulation"), in which agree to an amended payment schedule under which Respondent will make a sequent of payments to satisfy the obligations incurred under the Agreement. Said sequent of were to be:

$50,000.00 on February 23, 2022;

$110,000.00 on March 4, 2022; and

$156,153.84 on each and every Friday from March 11, 2022 to August 5,2022, there being 22 Fridays between such dates (March 11, 18 and 25; April 1, 8, 15, 22 and 29; May 6, 13, 20 and 27; June 3, 10, 17 and 24; July 1, 8, 15, 22 and 29; and August 3).

The total of such payments is $3,595,384.48 ($50,000.00 + $110,000.00 + (22 * $156,153.84).

The Stipulation further provides that, in the event of default upon its terms by Respondents, Respondents were liable for a default fee of the greater of $2,500.00 or 25% [of the balance to be paid] in addition to all costs of collection, including reasonable attorney fees. Additionally, Further, Claimant retained the right to "all legal remedies available."

**6.**     As of March 16, 2022 Claimant reports, and Respondents do not dispute, such repayments ceased other than individual payments received on or about April 4, 2022 ($5,921.23), and June 23, 2022 ($204,760.02). Claimant asserts, and Respondents do not dispute, a remaining balance of $2,742,805.64.

**B.**     **Procedural Posture & Legal Analysis.**

**7.**     On or around June 30, 2022, Claimant asserted this demand for arbitration whereupon Respondent timely interposed a responsive statement and opposition brief.

**8.**     Respondent proffers a number of defenses to Claimant's demands. Such defenses may be itemized as:

a.   No proof of authorization is provided for Sam Gross;

b.   The Agreement provides for arbitration being conducted by Mediation and Civil Arbitration, Inc. while the firm conducting such is registered as Mediation & Civil Arbitration, Inc.;

c.  Arbitration is a violation of the limitation upon "disturbance" provided in the agreement entitled Confidentiality, Non Circumvention & Non-Disturbance Agreement;

d.  Respondent alleges a failure of proper service;

e.  Respondent asserts that Claimant has breached the Agreement, not Respondent;

f.  Respondent alleges that the agreement entitled Stipulation Agreement & Release (the "Stipulation") creates a usurious promissory note;

g.  Respondent claims that Claimant has violated New York State General Obligations Law and New York State General Business Law;

h.  Respondent asserts that Claimant is not licensed to conduct business in New York State and thereby cannot file for arbitration in New York State;

i.  Respondent alleges unclean hands;

j.  Respondent alleges a violation of the Statute of Frauds;

k.  Respondent alleges that Claimant is involved in a RICO Enterprise and thereby not entitled to recovery; and

l.  Respondent asserts that Claimant has failed to mitigate damages and so in not entitled to recovery.

m.  Respondent asserts Claimant has failed to provide proper service and failed to comply with New York State and Federal Law.

9.    After consideration of each of these assertions, it is hereby concluded that none of these assertions serve to defend Respondents in this instance. Specifically:

a.  Sam Gross provided Claimant's Narrative Statement. This statement was provided in support of Claimant's position and was offered "under oath". No request of authorization was offered and none was required. Mr. Gross is not

acting as counsel or agent for Claimant, but as a sworn witness and as such does not need to be authorized. Defense rejected.

b.  While Respondent is correct that the registration of this arbitration firm is Mediation and Civil Arbitration, Inc. rather than Mediation & Civil Arbitration, Inc. such a distinction falls under the allowance of a "Scrivener's Error," i.e., may be corrected as it is an obvious clerical distinction. Furthermore, even were this not the case, Section 54 of the Agreement provides that "[i]f any provision of this Agreement is deemed invalid or unenforceable as written, it will be construed, to the greatest extent possible, in a manner which will render it valid and enforceable…" clearly indicating that this distinction in names is moot. Defense rejected.

c.  The referenced agreement is between Claimant and Respondent Big Daddy Unlimited, and their listed agents. It is an agreement under which is to receive certain information and limits how such information will be used. It does not implicate Respondent Wide Open, the entity purportedly in breach of the Agreement. It bars the use of the information provided in specified ways which would likely be detrimental to Big Daddy, Unlimited. Claimant has claimed that no such information was ever provided and Respondent has offered no statement or evidence of violative use of such information and so this defense fails. Defense rejected.

d.  No statement or evidence of improper service has been offered or received. While Section 49 of the Agreement specifies that the Parties "consent" to service by US Mail, it does not preclude alternate methods of service. As Respondent has responded to this arbitration action in a timely manner, and apparently with full

access to the contents thereof, service was clearly effective and assertions to the contrary are rejected. Defense rejected.

e.  No evidence of breach on the part of Claimant has been shown and so this argument also fails. Defense rejected.

f.  The Stipulation provides a payment plan for settlement of this dispute. The amount owed is stated as is the repayment stream. There is neither an indication of interest nor an imputation of interest. In fact, the total of the payment stream is **less than** the amount owed, so that were there to be an imputed interest rate it would be negative. There is nothing to indicate that the Stipulation is improper. Furthermore, even were the Stipulation to be improper, this would simply negate the Stipulation and revert claims to those available under the Agreement. Defense rejected.

g.  Such broad assertions have no weight when provided with neither details nor evidence. Defense rejected.

h.  This defense fails on its face. There is no need to be licensed to conduct business in New York State in order to bring an action in New York State. The Agreement provides for Venue and Forum Selection in Section 40, but even this is not necessary as this is an arbitration action which is governed by Section 48, and no license to conduct business is required. Defense rejected.

i.  See subsection (g). Defense rejected.

j.  Respondent is apparently unfamiliar with the Statute of Frauds. The Statute of Frauds, when it applies, requires a writing, signed by the party against whom judgement is sought, evidencing the subject matter of the agreement, is sufficient to indicate that an agreement exists, and states with reasonable certainty the

material terms of the agreement. This requirement does not apply to all agreements, but even were it to apply in this instance, Respondent's has signed all relevant contractual documents and such documents more than satisfy the Statute of Frauds. Defense rejected.

    k.  See subsection (g). Defense rejected.

    l.  Claimant's demands are for payments and fees dictated by contract and not for direct or indirect damages. As such, mitigation does not apply. Defense rejected.

    m.  See subsection (g). Defense rejected.

10.    Thus, Claimant prevails, and any arguments not expressly addressed under this final arbitral award have nonetheless been considered and hereby expressly denied.

11.    As provided in the Stipulation, such default shall result in the acceleration of the amount due ($2,742,805.64) and the imposition of a default fee of $2,500.00 or 25% of the accelerated repayment, whichever is greater ($685,701.41), for a total of $3,428,507.05.

12.    While Claimant is also entitled to "reasonable attorney fees," such is not a liquidated amount, either absolute nor computable, and so may not be awarded absent actual proof of such fees.

13.    Lastly, under this arbitral forum's Commercial Arbitration Rules, the prevailing party is entitled reimbursement of costs and expenses of arbitration from the losing party as additional damages added to the Final Arbitration Award. *See* Commercial Arb. R. 41-43. Here, Claimant, as the prevailing party, is entitled to additional damages from Respondent in the sum of $4,860.00 (hereinafter, "Additional Damages") comprised of the initial filing fee of $1500.00, nine and six-tenths hours (9.6) of arbitrator billing, being ten and one-tenth billable hours less a credit of one-half hour (0.5) included in initial billing, at the hourly rate of three hundred fifty USD ($350.00).

## **FINAL ARBITRAL AWARD**

**WHEREFORE,** pursuant to CPLR § 7508, by virtue of Respondent's default under the

Agreement, confessed liquidated damages under the verification statement, and Additional

Damages, Claimant is entitled to a final arbitral award in the amount of $3,433,367.05.

Dated:        New York, New York
              August 16, 2022

By: Ira David, Esq.

To:   GILERMAN LAW P.C.
       Attn: Erica Gilerman, Esq.
       3140 Emmons Avenue
       Brooklyn, NY 11235
       (786) 436-9760
       <erica@gilermanlaw.com>
       *Attorneys for Claimant*


       Anthony Michael McKnight
       27831 NW 46 Ave.
       Newberry, FL 32669
       (352) 682-4872
       <tony@bigdaddyunlimited.com>
       *Representing All Respondents*

EXHIBIT "2"

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA**

ZEN CAPITAL,
    *Claimant*

v.

WIDE OPEN ENTERPRISES DBA
WIDE OPEN TRIGGERS, ET AL.,
    *Respondents,*

_____/

CIVIL DIVISION
Case No.: 01-2022-CA-002743

~~99 CLOSED~~

**RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 3471561     2    PG(S)**
2/6/2023 4:04 PM
BOOK 5068                    PAGE 2161
J.K. JESS IRBY, ESQ.
Clerk of the Court, Alachua County, Florida
ERECORDED                  Receipt #    1129178
Doc Stamp-Mort:  $0.00
Doc Stamp-Deed:  $0.00
Intang. Tax:  $0.00

**FINAL JUDGMENT**

    **THIS CAUSE** having come before the Court upon Claimant's Motion to Confirm Arbitration Award and Enter Judgment Thereon ("Motion") pursuant to Florida Statute Sections 682.12 and 682.15, filed December 30, 2022, the Court having considered the Petition and Motion, heard argument from Claimant's counsel, and being otherwise duly advised on the premises, it is hereby:

    **ORDERED AND ADJUDGED** that Claimant, ZEN CAPITAL, Shall recover from the Respondents AMERICA UNLIMITED INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY BRANDS, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY ENTERPRISES, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY GUNS 2 INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY GUNS 3, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY GUNS INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY HEALTH INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY MANUFACTURING INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY ORDNANCE, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY UNLIMITED, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; SURVIVAL DISPATCH, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; WFO ENTERPRISES, INC., located at 7600 NW 5th Place, Gainesville, FL 32607; XCLUDED MEDIA INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIPPY FILMS LLC, located at 7600 NW 5th Place, Gainesville, FL 32607; AMERICA UNLIMITED MARKETING INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; and ANTHONY MICHAEL MCKNIGHT located at 27831 NW 46th Ave., Newberry, FL 32669, in the amount of **three million four hundred thirty three thousand three hundred sixty seven dollars and five cents ($3,433,367.05)** plus post-judgment interest accruing from the date of the Arbitration Award at a rate of 4.75% per annum, plus costs and attorneys' fees, for which let execution forthwith.

    In addition, it is further **ORDERED AND ADJUDGED** the following:

1

1. Within forty-five days (45) of entry of final judgment, Respondents shall properly, completely, and candidly complete Form 1.977, the version which applies to business entities and individuals.

2. This Court shall retain jurisdiction to enforce this judgment and to further award costs and attorneys' fees.

Done and Ordered in Chambers in Gainesville, Alachua County, Florida on this Friday, February 3, 2023.

01-2022-CA-002743 02/03/2023 08:13:37 AM

_Donna Keim_

Donna M. Keim, Circuit Judge
01-2022-CA-002743 02/03/2023 08:13:37 AM

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above has been served by e-portal or by First Class US Mail on this Friday, February 3, 2023.

RYAN  CLANCY, ESQ
ryan@business-esq.com
info@business-esq.com
yamila@business-esq.com

STEVEN J KALISHMAN, P.A.
steve@kalishmanlaw.com

JOSE I. MORENO, ESQ.
jimorenolaw@gmail.com
veve.morenolaw@gmail.com
recjosemorenolaw@gmail.com

01-2022-CA-002743 02/03/2023 08:15:55 AM

Theresa Hall, Judicial Assistant
01-2022-CA-002743 02/03/2023 08:15:55 AM

2

EXHIBIT "3"

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA**

ZEN CAPITAL,                                        CIVIL DIVISION

*Claimant*,                                           Case No.: 01-2022-CA-002743

v.

WIDE OPEN ENTERPRISES DBA
WIDE OPEN TRIGGERS ET. AL.,

*Respondents*,

_____/

**RESPONDENT BIG DADDY UNLIMITED, INC.'S AMENDED MOTION FOR
REHEARING AND MOTION TO SET ASIDE ORDER CONFIRMING
ARBITRATION AWARD AND FINAL JUDGMENT**
(amended only to add "Good Faith Statement of Conferral")

Respondent BIG DADDY UNLIMITED, INC., through undersigned counsel, pursuant to

Rule 1.530, *Fla. R. Civ. P.,* moves the Court for rehearing and to set aside the "Order Confirming

Arbitration Award" and "Final Judgment," and as grounds therefor states:

1.      According to THE EIGHTH JUDICIAL CIRCUIT OF FLORIDA

ADMINISTRATIVE ORDER NO. 3.09, paragraph 7, "In each civil case, the

standing civil case management order (attached hereto as Appendix A) shall be

signed by the plaintiff and filed in the court file along with the complaint. **The

plaintiff shall cause the standing order to be served, along with the

complaint, on each named defendant"** (emphasis added).

2.      Claimant has failed to comply with this order by neglecting to serve the standing

civil case management order on Respondents along with the complaint, as is

evidenced by the returns of service filed with the Court.

1

3.    On January 26, 2023, Claimant attempted to remedy its failure to serve the

standing civil case management order on Respondents along with the complaint

by emailing an "Amended Notice of Serving Standing Case Management Order"

to the undersigned, who has entered an appearance for one respondent, Big Daddy

Unlimited, Inc. Service of process cannot be obtained on Respondents by

emailing an attorney.

4.    Because Respondents have not been properly served, the Court has no jurisdiction

to enter a judgment against them.

5.    On January 25, 2023, the undersigned filed a "Motion to Dismiss and Motion to

Quash Service of Process" and subsequently contacted the Court's Judicial

Assistant to request that it be set for hearing at the same time as the hearing on

Claimant's "Motion to Confirm Arbitration Award and Enter Judgment Thereon."

The undersigned was advised in an email from the JA as follows:

> I cannot set these for hearing as they do not contain, nor have you filed
> separately, a certification of good faith as required by Administrative
> Order 3.09, appendix A Standing Case Management Order effective
> 4/30/21.  All pretrial motions must contain a good faith certificate before
> they can be set for hearing.
>
> PRETRIAL MOTIONS: Objections to pleadings and pretrial motions shall
> be resolved a minimum of 30 days prior to the trial date set forth above.
> Prior to filing ANY motion, counsel filing the motion shall confer with
> opposing counsel by telephone or in person in a good faith attempt to
> resolve the motion. The motion shall contain a good faith statement
> reflecting the date and time of the conference with opposing counsel. A
> statement that counsel attempted to confer with opposing counsel is
> insufficient unless the good faith statement details the date and time of at
> least three attempts to confer that occurred within the one-month period
> immediately prior to the filing of the motion.
>
> If you are unable to resolve this issue after you have personally conferred,
> by telephone, with opposing counsel and filed a certification of good faith,
> then I would be happy to provide you with hearing dates.

2

6.      Undersigned counsel for Respondent Big Daddy Unlimited, Inc., understood the JA's email to mean that no hearing would be held on February 2, 2023, because Claimant's "Motion to Confirm Arbitration Award and Enter Judgment Thereon" does not contain, nor have they filed separately, a certification of good faith as required by Administrative Order 3.09, appendix A Standing Case Management Order.

7.      The "Motion to Dismiss and to Quash Service of Process" filed by Respondents WIDE OPEN ENTERPRISES, AMERICA UNLIMITED INC, ANTHONY MICHAEL MCKNIGHT, BIG DADDY BRANDS INC, BIG DADDY ENTERPRISES INC, BIG DADDY GUNS 2 INC, BIG DADDY GUNS 3 INC, BIG DADDY GUNS INC, BIG DADDY HEALTH INC, BIG DADDY MANUFACTURING, INC, BIG DADDY ORDNANCE INC, OTPYG INC, SURVIVAL DISPATCH INC, WFO ENTERPRISES INC,  XCLUDED MEDIA INC, BIPPY FILMS LLC, AMERICA UNLIMITED, MARKETING INC, was solely for the purpose of contesting jurisdiction and service of process, and did not submit these parties to the jurisdiction of the Court. *See Mesa v. Bank of N.Y.*, 180 So.3d 222 (Fla. App. 2015).

8.      No respondent was provided with the proposed order to review for form or content before it was entered on February 3, 2023, the morning after the hearing.

9.      The Court's findings are insufficient to issue a Final Judgment.

10.     Pursuant to *Fla.R.Civ.P.* §1.530(a), on a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment.

11.    For the reasons stated above, due process has been denied to all respondents, and therefore the "Order Confirming Arbitration Award" should be set aside.

WHEREFORE, the undersigned respectfully requests that the Court reconsider its decision and set aside the "Order Confirming Arbitration Award" and the "Final Judgment."

### GOOD-FAITH STATEMENT OF CONFERRAL

Pursuant to AO3.09 (5), the undersigned has conferred with counsel for Claimant by telephone at 11:30 a.m. on February 16, 2023, in a good faith attempt to resolve the motion, but was unable to do so.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via the Florida ePortal service on Ryan M. Clancy, Esq., Attorney for Plaintiff, on this 16th day of February, 2023.

STEVEN KALISHMAN, P.A.

_____

Steven Kalishman
Attorney for Defendant BIG DADDY
UNLIMITED, INC.
Fla. Bar No.:  368271
5055 SW 91st Terrace
Gainesville, FL  32608
Tel:  (352) 376.8600
Fax: (352) 371.8681
Email: steve@kalishmanlaw.com

4

EXHIBIT "4"

## IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
## IN AND FOR ALACHUA COUNTY, FLORIDA

ZEN CAPITAL,                                          Case No.: 01-2022-CA-002743
    *Claimant*                                   CIVIL DIVISION J

v.

WIDE OPEN ENTERPRISES DBA
WIDE OPEN TRIGGERS, ET AL.,
    *Respondents*,
_____/

### ORDER DENYING MOTION TO SET ASIDE ORDER CONFIRMING
### ARBITRATION AWARD AND FINAL JUDGMENT

**THIS CAUSE** having come before the Court upon Respondent BIG DADDY
UNLIMITED, INC'S. Motion for Rehearing and Motion to Set Aside Order Confirming
Arbitration Award and Final Judgment and upon Respondents, WIDE OPEN ENTERPRISES,
AMERICA UNLIMITED INC, ANTHONY MICHAEL MCKNIGHT, BIG DADDY BRANDS
INC, BIG DADDY ENTERPRISES INC, BIG DADDY GUNS 2 INC, BIG DADDY GUNS 3
INC, BIG DADDY GUNS INC, BIG DADDY HEALTH INC, BIG DADDY
MANUFACTURING, INC, BIG DADDY ORDNANCE INC, OTPYG INC, SURVIVAL
DISPATCH INC, WFO ENTERPRISES INC, XCLUDED MEDIA INC, BIPPY FILMS LLC,
AMERICA UNLIMITED, MARKETING INC ("Respondents"), Motion to Dismiss and to
Quash Service of Process ("Motion to Dismiss") and Respondent BIG DADDY UNLIMITED,
INC.'s Objections to Claimant's Subpoenas Duces Tecum ("Objections to Subpoenas"), and the
Court having considered the Motions, reviewed relevant filings on the docket, heard argument of
counsel, and being otherwise duly advised on the premises, hereby finds as follows:

## PROCEDURAL POSTURE

1.      On August 31, 2022, Claimant, ZEN CAPITAL ("Claimant"), filed a Petition to Confirm Arbitration Award and Enter Judgment Thereon ("Petition") pursuant to Florida Statute Section 682.015.

2.      On September 2, 2022, Claimant filed a Notice of Serving Standing Case Management Order via the Florida E-Portal.

3.      On September 7, 2022, Claimant Noticed a hearing on the Petition for October 14, 2022 via the Florida E-Portal.

4.      On November 7, 2022, Judge Peter K. Sieg entered an Order Denying the Petition without prejudice pending service upon all Defendants.

5.      By November 14, 2022, all Respondents had been properly served with the Petition and Summons except for Anthony Michael McKnight. On January 5, 2023, Respondent, Anthony Michael McKnight was served with a Petition and Summons.

6.      On November 21, 2022, Claimant filed a Notice of Hearing on the Petition for December 9, 2022. This Notice was filed through the Florida E-portal and was mailed to all Respondents.

7.      On December 12, 2022, Judge Peter K. Sieg entered an Order Confirming Arbitration Award.

8.      On December 15, 2022, Steven Kalisman filed a Notice of Appearance for Big Daddy Unlimited, Inc. and a Motion for Rehearing and to Set Aside Order Confirming Arbitration Award.

9.      On December 16, 2022, the Motion for Rehearing was noticed for a hearing on December 30, 2022.

10.    On February 8, 2023, Judge Peter K. Sieg entered an Order Setting Aside Order Confirming Arbitration Award *nunc pro tunc* to December 30, 2022.

11.    On December 30, 2022, Claimant filed a Motion to Confirm Arbitration Award and Enter Judgment ("Motion to Confirm") and a Motion for Default.

12.    After coordinating the hearing date and time with Steve Kalishman, Claimant filed a Notice of Hearing dated January 5, 2023, for the February 2, 2023, hearing on the Motion to Confirm. The Notice of Hearing was served upon counsel for Respondent via the E-portal and upon each Respondent via U.S. Mail to the addresses at which they were previously served.

13.    On January 25, 2023, Steven Kalishman filed a Motion to Dismiss on behalf of all Respondents arguing that Claimant's Petition should be dismissed for Claimant's failure to serve Standing Case Management Order [AOSC20-23] with the Petition and Summons.

14.    On January 26, 2023, Claimant filed a Notice of Serving Standing Case Management Order upon Respondents via the E-Portal.

15.    On February 2, 2023, the hearing was held on Claimant's Motion to Confirm. Counsel for Respondents failed to appear at this hearing. At the February 2, 2023, hearing, the Court granted Claimant's Motion to Confirm and denied Respondents' Motion to Dismiss.

16.     On February 3, 2023, the Court entered an Order Confirming Arbitration Award ("Confirming Order") and Final Judgment ("Final Judgment"). Claimant then filed a series of Notices of Intent to Serve Subpoenas ("Subpoenas").

17.    On February 12, 2023, Respondent, BIG DADDY UNLIMITED, INC., filed a Motion for Rehearing and Motion to Set Aside Order Confirming Arbitration Award and Final Judgment ("Motion for Rehearing") and Objected to Claimant's Subpoenas but failed to assert any grounds upon which the objections were based.

18.     On February 28, 2023, this rehearing was held, and the Court heard Respondents' Counsel's argument on the Motion to Set Aside the Order Confirming Arbitration Award which included argument on the Respondents' Motion to Dismiss.

**FINDINGS OF LAW AND FACT**

19.     Florida Statute Section 682.015(2) states in pertinent part "notice of an initial petition to the court under this chapter must be served in the manner provided by law for the service of a summons in a civil action." Claimants have fully complied with Section 682.015.

20.     After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to s. 682.10 or s. 682.14 or is vacated pursuant to s. 682.13. Fla. Stat. Ann. § 682.12. In the absence of a motion to vacate, modify, or correct the arbitration award, the trial court must confirm the award. *Nestor v. Ward*, App. 3 Dist., 163 So.3d 582 (2015).

21.     Florida Rule of Civil Procedure 1.070(a) states "On the commencement of the action, summons or other process authorized by law must be issued forthwith by the clerk or judge under the clerk's or the judge's signature and the seal of the court and delivered for service without praecipe." Claimant properly served Respondents with summonses under the clerk's signature and seal of the court and delivered service without praecipe in full compliance with Florida Rule of Civil Procedure 1.070.

22.     Although, Eighth Judicial Circuit of Florida Administrative Order No. 3.09 states that "[t]he plaintiff shall cause the standing order to be served, along with the complaint, on each named defendant," failure to serve the Standing Case Management Order [AOSC20-23] does not invalidate otherwise proper service of process or deprive a defendant of due process. Claimant

originally e-filed the Standing Case Management Order on September 2, 2022, and then served the Standing Case Management Order on Respondents' counsel on January 26, 2023. The Claimant cured any possible defect of compliance with Admin Order 3.09 by serving Respondents with the Standing Case Management Order through their counsel of record via email and through the Florida E-Filing Portal's automatically generated Email.

23.    Respondents' counsel acknowledges that the Standing Case Management Order was served via email to counsel.

24.    Florida Rule of General Practice and Judicial Administration 2.516(a) states that "every pleading subsequent to the initial pleading and every other document filed in any court proceeding, except applications for witness subpoenas and documents served by formal notice or required to be served in the manner provided for service of formal notice, must be served in accordance with this rule on each party." The Standing Case Management Order does not fall under any of those exceptions. Rule 2.516(b)(1) goes on to require that all documents "must be served by e-mail". Therefore, Claimant's service of the Standing Case Management Order via email was proper and cured the technical violation of AO 3.09. Therefore, Respondents are not entitled to quash service due to Claimant's service of the Case Management Order by email.

25.    The Florida Supreme Court has explained "The fundamental principle of due process of law demands notice and an opportunity to be heard before final judgment." *Cavalier v. Ignas*, 290 So. 2d 20, 21 (Fla. 1974). "The object to be accomplished by service of process is to advise the defendant that an action has been commenced against him and warn him that he must appear within a certain time and at a certain place to make such defense as he has." *Gilliam v. Smart*, 809 So. 2d 905, 907 (Fla. 1st DCA 2002). Insofar as each Respondent was

served with a copy of the petition, this goal was accomplished, and service was thus properly completed.

26.    Claimant properly noticed Respondents via service of process of the Petition and Summonses, and properly noticed the February 2, 2023, hearing, after coordinating same with Respondents' counsel, which provided Respondents an opportunity to be heard before final judgment. The Notice of Hearing was served upon counsel for Respondents as well as the individual Respondents. The Respondents, who chose not to appear at the hearing, have not been deprived of their due process rights.

27.    At no time prior to the duly noticed hearing did counsel contact the Court to question whether the hearing was being cancelled or to suggest that it should be cancelled due to the lack of a good faith certification. Rather, counsel chose to disregard the Notice of Hearing and to not appear at a properly noticed hearing.

28.    Although the motion is filed under Fla. R. Civ. P. 1.530 instead of Fla. R. Civ. P. 1.540, counsel's argument is akin to seeking to set aside the judgment based on excusable neglect or mistake.  "Excusable neglect requires a showing of both a legal excuse for failing to comply with the Florida Rules of Civil Procedure and a meritorious defense." *DiSarrio v. Mills*, 711 So. 2d 1355, 1356 (Fla. 2d DCA 1998).  "Excusable neglect must be proven by sworn statements or affidavits…Unsworn assertions of excusable neglect are insufficient."  *Id*. Counsel's motion does not comply with these requirements as it is not sworn, and it does not include a meritorious defense.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.    Respondents' Motion to Set Aside Order Confirming Arbitration Award and Final Judgment is **DENIED**.

2.       Respondents' Objections are **OVERRULED.**

3.       The Confirming Order and Final Judgment remain valid and outstanding.

4.       The Court reserves jurisdiction to determine whether Claimant is entitled to reasonable attorneys' fees pursuant to Florida Statute Section 682.015.

Done and Ordered in Chambers in Gainesville, Alachua County, Florida on this Thursday, March 2, 2023.

01-2022-CA-002743 03/02/2023 11:22:54 AM

Donna M. Keim, Circuit Judge
01-2022-CA-002743 03/02/2023 11:22:54 AM

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the above has been served by e-portal or by First Class US Mail on this Thursday, March 2, 2023.

RYAN  CLANCY, ESQ                          STEVEN J KALISHMAN, ESQ
ryan@business-esq.com                      steve@kalishmanlaw.com
info@business-esq.com
yamila@business-esq.com

JOSE I. MORENO, ESQ.
jimorenolaw@gmail.com
veve.morenolaw@gmail.com
recjosemorenolaw@gmail.com

01-2022-CA-002743 03/02/2023 11:52:17 AM

Theresa Hall, Judicial Assistant
01-2022-CA-002743 03/02/2023 11:52:17 AM

EXHIBIT "5"

## IN THE CIRCUIT COURT FOR THE EIGHTH JUDICIAL CIRCUIT IN AND FOR ALACHUA COUNTY, FLORIDA

CIVIL DIVISION
Case No.: 012022CA002743XXXXXX

ZEN CAPITAL,

     *Claimant,*

v.

WIDE OPEN ENTERPRISES DBA
WIDE OPEN TRIGGERS, AMERICA
UNLIMITED INC., BIG DADDY
BRANDS, INC., BIG DADDY
ENTERPRISES, INC., BIG DADDY
GUNS 2 INC., BIG DADDY GUNS
3, INC., BIG DADDY GUNS INC.,
BIG DADDY HEALTH INC., BIG
DADDY MANUFACTURING INC.,
BIG DADDY ORDNANCE, INC.,
BIG DADDY UNLIMITED, INC.,
OTPYG, INC., SURVIVAL
DISPATCH, INC., WFO
ENTERPRISES, INC., XCLUDED
MEDIA INC., BIPPY FILMS LLC,
AMERICA UNLIMITED
MARKETING INC., ANTHONY
AMATO, BIG DADDY GUNS OF
OCALA, BIG DADDY UNLIMITED
INC., and ANTHONY MICHAEL
MCKNIGHT,

     *Respondents.*

_____/

## CORRECTED[1] CLAIMANT'S MOTION FOR SANCTIONS PURSUANT TO FLA. STAT. § 57.105

**COMES NOW**, Claimant, ZEN CAPITAL, by and through its undersigned counsel, move

for entry of an order against BIG DADDY UNLIMITED, INC., AMERICA UNLIMITED INC.,

BIG DADDY BRANDS, INC., BIG DADDY ENTERPRISES, INC., BIG DADDY GUNS 2

INC., BIG DADDY GUNS 3, INC., BIG DADDY GUNS INC., BIG DADDY HEALTH INC.,

---

[1] The addition of a certificate of good faith conference pursuant to Admin Order 3.09 is the sole correction.

BIG DADDY MANUFACTURING INC., BIG DADDY ORDNANCE, INC., SURVIVAL DISPATCH, INC., WFO ENTERPRISES, INC., XCLUDED MEDIA INC., BIPPY FILMS LLC, AMERICA UNLIMITED MARKETING INC., and ANTHONY MICHAEL MCKNIGHT (Collectively "Respondents") for the payment of attorney's fees and costs by Respondents and Respondents' Counsel, jointly and severally, pursuant to the provisions of Section 57.105, Florida Statutes, related to the Motion for Rehearing and Objections to Subpoenas filed in this matter, and in support thereof states as follows:

1.      On or about August 31, 2022, Claimant initiated this action with its Petition to Confirm an Arbitration Award and Enter Judgment Thereon.

2.      By November 8, 2022. Respondents had been properly served with process of the Petition and Summons, giving them sufficient notice of this pending lawsuit.

3.      On December 12, 2022, this Court entered an Order Confirming Arbitration Award and Final Judgment against Respondents ("December Judgment"), and Claimant filed a series of Notices of Intent to Serve Subpoenas ("December Subpoenas").

4.      However, Respondents Counsel has employed delay tactics to avoid resolving the issues in this lawsuit by intentionally failing to appear at hearings then objecting to the December Subpoenas and filing motions for rehearing on frivolous grounds lacking any support in law or fact.

5.      On December 15, 2022, Respondents' Counsel filed Respondent Big Daddy Unlimited, Inc.'s Motion for Rehearing and Motion to Set Aside Order Confirming Arbitration Award and on December 19, 2022, Respondents' Counsel filed Respondent Big Daddy Unlimited, Inc.'s Objections to Claimant's Subpoenas Duces Tecum.

6.     The Motion for Rehearing was granted, and a hearing was held on December 30, 2022. At this hearing, Respondents' Counsel argued on behalf of all Respondents despite failing to appear on behalf of those Respondents. Upon inquiry by Judge Sieg, Respondents' Counsel represented to the Court that he would be appearing on behalf of the Respondents he argued on for.

7.     Judge Sieg found that service had been properly effectuated but vacated the final judgment because no default was obtained against the Respondents prior to the Final Judgment being entered. Judge Sieg even stated "The summons say what the summons say" in reference to the language on the summons that state a default would be entered if the served party fails to respond, further indicating that service was proper.

8.     Upon conferring with Claimant's Counsel, Respondents' Counsel attempted to back away from his previous representations that he would appear on behalf of the remaining Respondents and refused to concede that Judge Sieg found that service was proper.

9.     Each party submitted a competing order but no order was entered until February 8, 2023.

10.    On December 30, 2022, Claimant filed its Motion to Confirm Arbitration Award and Enter Judgment Thereon and a Motion for Default against the Respondents for whom no Appearance had been made in writing on the docket in anticipation of Respondents' Counsel's bad faith delay tactics which he continues to carry out.

11.    Respondents' Counsel, as of the date of service of this Motion upon Respondents' Counsel, has still failed to file an appearance on behalf of the Respondents.

12.     Claimant set the December Motion to Confirm Arbitration Award and Enter Judgment Thereon and a Motion for Default for hearing scheduled for February 2, 2023 ("February Hearing"), as agreed to by Respondents' Counsel, and properly noticed the same.

13.     On January 25, 2023, Respondents filed a Motion to Dismiss and Quash Service of Process on behalf of the Respondents, including the Respondents for which no appearance was ever filed. Respondents argued that service was not proper, despite Judge Sieg's finding that service was proper, due to noncompliance with an admin order requiring a Standing Case Management Order to be served with the Petition and Summons.

14.     Claimant cured the defect by serving Respondents' Counsel with the Standing Case Management Order. It bears mentioning that the Standing Case Management Order had no applicable deadlines to the instant lawsuit and the Admin Order did not provide dismissal as a remedy for failing to serve the Standing Case Management Order.

15.     Respondents' Counsel then attempted to piggyback his Motion to Dismiss and Quash Service of Process on the February Hearing but was informed that it could not be added due to a lack of certificate of good faith conferral.

16.     Respondents' Counsel never made any attempt to confer with Claimant's Counsel and failed to appear at the February Hearing that was properly noticed.

17.     Despite Respondents' Counsel's failure to appear at the February Hearing, the Court considered Respondents' Motion to Dismiss and to Quash Service, finding that dismissal was not a proper remedy and that Claimant had cured any alleged defect in service. This Court once again, for the third time, found that service was proper, and Granted Claimant's Motion to Confirm Arbitration Award and entered a Final Judgement ("Second Judgment"). Attached hereto as Exhibit 'A.'

18.     This Order Granting Claimant's Motion to Confirm Arbitration Award also denied Respondents' Motion to Dismiss and Quash Service, specifically found that service was proper, and that dismissal was not a proper remedy for any alleged noncompliance with the Admin Order requiring service of the Standing Case Management Order.

19.     On February 12, 2023, Respondents filed their Motion for Rehearing and Motion to Set Aside Order Confirming Arbitration Award and Final Judgement ("Second Motion for Rehearing and to Set Aside").

20.     Respondents blatantly disregard this Court's Order and assert no new arguments already considered by this Court during the February Hearing. The only apparant purpose of Respondents' Second Motion for Rehearing and to Set Aside is to delay these proceedings through Respondents' Counsels modus operandi of purposefully missing hearings to file motions for rehearing as he has done multiple times in this matter.

21.     Despite the plain language of the Order, Respondents' Counsel is attempting once again, to assert these frivolous defenses that multiple Judges have ruled have no merit, in direct defiance of this Court's Order.

22.     Claimant filed another series of Notices of Intent to Serve Subpoenas but on February 12, 2023, Respondents filed Objections to Claimant's Subpoenas Duces Tecum, but failed to assert any basis for the objections, in defiance of this Courts Order.

23.     Respondents and Respondents' Counsel have clearly acted in bad faith by employing delay tactics, asserting frivolous arguments lacking any support in law or fact, and openly defying this Court's Order.

24.     Claimant now files this Motion for Sanctions, seeking an award of attorneys' fees for the time and effort expended defending against Respondents and Respondents' Counsel's conduct.

## ARGUMENT

25.     Section 57.105 of the Florida Statutes provides the basis for sanctions against parties and counsel who assert frivolous claims or defenses or pursue litigation for the purpose of unreasonable delay. *See* § 57.105, Fla. Stat. (2012). *See also Bionetics Corp. v. Kenniasty*, 69 So.3d 943 (Fla. 2011).

26.     Section 57.105, Florida Statutes, provides in relevant part:

> (1)   Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court *or at any time before trial*:
>
> (a)   Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b)   Would not be supported by the application of then-existing law to those material facts.
>
> (2)   At any time in any civil proceeding or action in which the moving party proves by a preponderance of the evidence that any action taken by the opposing party, including, but not limited to, the filing of any pleading or part thereof, the assertion of or response to any discovery demand, the assertion of any claim or defense, or the response to any request by any other party, was taken primarily for the purpose of unreasonable delay, the court shall award damages to the moving party for its reasonable expenses incurred in obtaining the order, which may include attorney's fees, and other loss resulting from the improper delay.

*Fla. Stat.* 57.105(1), (2) (emphasis added).

27.     The test for whether a claim or defense lacks factual or legal merit is whether the

party or his counsel knew or should have known, at the time of filing the claim, that the claims were not grounded in fact, or were not warranted by existing law or by reasonable argument for extension, modification or reversal of existing law. *Long v. AvMed, Inc.*, 14 So.3d 1264 (Fla. 1st DCA 2009).

28.     Respondents Counsel has represented to this Court that they intended on filing notices of appearances for the Respondents for whom he filed a Motion to Dismiss on behalf of, however Respondents Counsel has not filed a notice of appearance to this date.

29.     Respondents Counsel also advised this Court's judicial assistant that they intended to contact Claimants counsel to confer on the Motion to Dismiss, but this was also a misrepresentation as Claimants was never contacted in an attempt to resolve the Motion to Dismiss.

30.     Respondents Counsel continues to file frivolous motions despite Respondents Counsel's knowledge of the Order ruling process was served properly and denying Respondents Motion to Dismiss filed on January 25, 2023, entirely after Respondent failed to show up at the hearing and Claimants further showed process was served correctly.

31.     Respondents Counsel is attempting to further waste this Court's time by filing motions for issues this Court has already entered an order on and refuses to accept this Court's authority to enter judgment.

32.     Now, Respondents Counsel has filed their Second Motion for Rehearing and to Set Aside judgment without any basis in law or fact in hopes this Court will entertain Respondents lack of professionalism.

**WHEREFORE** Plaintiff requests that this Court finds Respondent's Second Motion for Rehearing and to Set Aside and Respondent's Objections to Claimant's Subpoenas made in bad

faith and primarily for the purpose of unreasonable delay, and accordingly order sanctions against Respondents and Respondents' Counsel, in the form of costs and attorney's fees for all sums expended by Claimant from the date the instant lawsuit was filed until the date that the matter is closed, along with further relief that the Court deems just and proper.

Dated: March 15, 2023                                        Respectfully submitted,

**AINSWORTH + CLANCY, PLLC**
801Brickell Avenue, 8th Floor
Miami, FL 33131
Telephone: (305) 600-3816
Facsimile: (305) 600-3817
*Counsel for Defendant*

By: s/ Ryan Clancy
Ryan Clancy, Esq.
Florida Bar No. 117650
Email: ryan@business-esq.com
Email: info@business-esq.com

## CERTIFICATE OF SERVICE AND CONFERRAL

**I HEREBY CERTIFY**, that a true and correct copy of the foregoing document was served upon Respondents via email 21 days before the date of filing of this Motion in accordance with Florida Statute Section 57.105(4) and that three good faith attempts to meet and confer via phone on the issues were made on March 15, 2023, at 11:35am, 1:59pm, and 4:48pm pursuant to Admin Order 3.09 but the parties were unable to come to a resolution, and that a copy of the foregoing has been served upon all parties of record via the Florida E-portal's automatically generated Email as of the date of filing of this Motion.

*EXHIBIT "A"*

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA**

|  |  |
|---|---|
| ZEN CAPITAL, | CIVIL DIVISION |
| *Claimant* | Case No.: 01-2022-CA-002743 |
| v. | 99 CLOSED |
| WIDE OPEN ENTERPRISES DBA WIDE OPEN TRIGGERS, ET AL., |  |
| *Respondents,* |  |
| _____/ |  |

**FINAL JUDGMENT**

**THIS CAUSE** having come before the Court upon Claimant's Motion to Confirm Arbitration Award and Enter Judgment Thereon ("Motion") pursuant to Florida Statute Sections 682.12 and 682.15, filed December 30, 2022, the Court having considered the Petition and Motion, heard argument from Claimant's counsel, and being otherwise duly advised on the premises, it is hereby:

**ORDERED AND ADJUDGED** that Claimant, ZEN CAPITAL, Shall recover from the Respondents AMERICA UNLIMITED INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY BRANDS, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY ENTERPRISES, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY GUNS 2 INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY GUNS 3, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY GUNS INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY HEALTH INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY MANUFACTURING INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY ORDNANCE, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY UNLIMITED, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; SURVIVAL DISPATCH, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; WFO ENTERPRISES, INC., located at 7600 NW 5th Place, Gainesville, FL 32607; XCLUDED MEDIA INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIPPY FILMS LLC, located at 7600 NW 5th Place, Gainesville, FL 32607; AMERICA UNLIMITED MARKETING INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; and ANTHONY MICHAEL MCKNIGHT located at 27831 NW 46th Ave., Newberry, FL 32669, in the amount of **three million four hundred thirty three thousand three hundred sixty seven dollars and five cents ($3,433,367.05)** plus post-judgment interest accruing from the date of the Arbitration Award at a rate of 4.75% per annum, plus costs and attorneys' fees, for which let execution forthwith.

In addition, it is further **ORDERED AND ADJUDGED** the following:

1

1. Within forty-five days (45) of entry of final judgment, Respondents shall properly, completely, and candidly complete Form 1.977, the version which applies to business entities and individuals.

2. This Court shall retain jurisdiction to enforce this judgment and to further award costs and attorneys' fees.

Done and Ordered in Chambers in Gainesville, Alachua County, Florida on this Friday, February 3, 2023.

01-2022-CA-002743 02/03/2023 08:13:37 AM

Donna M. Keim, Circuit Judge
01-2022-CA-002743 02/03/2023 08:13:37 AM

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above has been served by e-portal or by First Class US Mail on this Friday, February 3, 2023.

RYAN CLANCY, ESQ
ryan@business-esq.com
info@business-esq.com
yamila@business-esq.com

STEVEN J KALISHMAN, P.A.
steve@kalishmanlaw.com

JOSE I. MORENO, ESQ.
jimorenolaw@gmail.com
veve.morenolaw@gmail.com
recjosemorenolaw@gmail.com

01-2022-CA-002743 02/03/2023 08:15:55 AM

Theresa Hall, Judicial Assistant
01-2022-CA-002743 02/03/2023 08:15:55 AM

2

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA**

CIVIL DIVISION

ZEN CAPITAL,                          Case No.: 01-2022-CA-002743
      *Claimant*

v.

WIDE OPEN ENTERPRISES DBA
WIDE OPEN TRIGGERS, ET AL.,
      *Respondents,*
_____/

## ORDER CONFIRMING ARBITRATION AWARD

**THIS CAUSE** having come before the Court upon Claimant's Motion to Confirm Arbitration Award and Enter Judgment Thereon ("Motion") pursuant to Florida Statute Sections 682.12 and 682.15, filed December 30, 2022, the Court having considered the Petition and Motion, heard argument from Claimant's counsel, and being otherwise duly advised on the premises, it is hereby:

**ORDERED AND ADJUDGED as follows:**

1. Claimant's Motion is **GRANTED**.

   a. Claimants' Petition to Confirm and Enter Judgment Thereon ("Petition") was properly served upon the respondents AMERICA UNLIMITED INC., BIG DADDY BRANDS, INC., BIG DADDY ENTERPRISES, INC., BIG DADDY GUNS 2 INC., BIG DADDY GUNS 3, INC., BIG DADDY GUNS INC., BIG DADDY HEALTH INC., BIG DADDY MANUFACTURING INC., BIG DADDY ORDNANCE, INC., BIG DADDY UNLIMITED, INC., SURVIVAL DISPATCH, INC., WFO ENTERPRISES, INC., XCLUDED MEDIA INC., BIPPY FILMS LLC, AMERICA UNLIMITED MARKETING INC., and ANTHONY MICHAEL MCKNIGHT (Collectively "Respondents") in accordance with the requirements of Fla. Stat. § 682.015.

   b. The arbitration award attached as Exhibit 'A' to Claimant's Petition (the "Award") is confirmed.

   c. Claimant is entitled to a Final Judgment in conformity with the Award.

d.  Claimant is entitled to reasonable attorneys' fees incurred in these judicial proceedings after the Award was made to a judgment confirming the Award pursuant to Fla. Stat. § 682.15.

2.  The hearing on Claimant's Motion was properly noticed but counsel for Respondents failed to appear.

3.  The Court considered Respondent's Motion to Dismiss and finds that:

a.  Dismissal is not an appropriate remedy for failure to serve the Standing Case Management Order [AOSC20-23];

b.  Claimant cured any defect in service by serving the Standing Case Management Order upon Respondents; and

c.  As reflected by record activity, Claimant has voluntarily dismissed Respondent, OTPYG, Inc., without prejudice and has not violated the automatic bankruptcy stay.

Done and Ordered in Chambers in Gainesville, Alachua County, Florida on this Friday, February 3, 2023.

01-2022-CA-002743 02/03/2023 08:12:56 AM

_Donna Keim_

Donna M. Keim, Circuit Judge
01-2022-CA-002743 02/03/2023 08:12:56 AM

CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above has been served by e-portal or by First Class US Mail on this Friday, February 3, 2023.

RYAN  CLANCY, ESQ
ryan@business-esq.com
info@business-esq.com
yamila@business-esq.com

STEVEN J KALISHMAN, P.A.
steve@kalishmanlaw.com

JOSE I. MORENO, ESQ.
jimorenolaw@gmail.com
veve.morenolaw@gmail.com
recjosemorenolaw@gmail.com

01-2022-CA-002743 02/03/2023 08:13:32 AM

Theresa Hall, Judicial Assistant
01-2022-CA-002743 02/03/2023 08:13:32 AM

EXHIBIT "6"

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

CIVIL DIVISION

ZEN CAPITAL,                                        Case No.: 012022CA002743

 *Claimant*

v.

WIDE OPEN ENTERPRISES DBA
WIDE OPEN TRIGGERS, ET AL.,

 *Respondents,*

_____ /

## MOTION TO COMPEL

**COMES NOW**, Claimant, ZEN CAPITAL ("<u>Claimant</u>"), by and through undersigned counsel, hereby respectfully moves this Court to compel Respondents, BIG DADDY UNLIMITED, INC., AMERICA UNLIMITED INC., BIG DADDY BRANDS, INC., BIG DADDY ENTERPRISES, INC., BIG DADDY GUNS 3, INC., BIG DADDY HEALTH INC., BIG DADDY MANUFACTURING INC., BIG DADDY ORDNANCE, INC., SURVIVAL DISPATCH, INC., WFO ENTERPRISES, INC., XCLUDED MEDIA INC., BIPPY FILMS LLC, AMERICA UNLIMITED MARKETING INC., and ANTHONY MICHAEL MCKNIGHT (Collectively "Respondents"), to file their respective Form 1.977s, and in support thereof states:

 1. Claimant holds a Final Judgment in the amount of three million four hundred thirty-three thousand three hundred sixty-seven dollars and five cents ($3,433,367.05) plus post-judgement interest, costs, and attorneys' fees (the "Final Judgment"). *See* Final Judgment attached hereto as Exhibit "A."

 2. On or about February 3, 2023, the Final Judgment was duly served upon Defendants through their attorneys of record, Steven Kalishman and Jose Moreno, via the Florida e-Filing Portal. *See id.*

3.     The Final Judgment ordered that the Defendants "completely, candidly and accurately fill out Form 1.977 within forty-five (45) days as they apply to Business Entities and Individuals respectively." *Id.*

4.     Pursuant to Florida Rules of Civil Procedure Rule 1.560 and the Final Judgment, Defendants had up to and including March 20, 2022, to fill out and return Form 1.977 to the Plaintiff, as required by the order of this Court.

5.     As of the date of this Motion, Defendants have failed to complete and return the Form 1.977.

6.     As a result, Defendants have failed to act in accordance with this Court's order.

**WHEREFORE,** Claimant, ZEN CAPITAL, respectfully requests that this Honorable Court issue to the Respondents, BIG DADDY UNLIMITED, INC., AMERICA UNLIMITED INC., BIG DADDY BRANDS, INC., BIG DADDY ENTERPRISES, INC., BIG DADDY GUNS 3, INC., BIG DADDY HEALTH INC., BIG DADDY MANUFACTURING INC., BIG DADDY ORDNANCE, INC., SURVIVAL DISPATCH, INC., WFO ENTERPRISES, INC., XCLUDED MEDIA INC., BIPPY FILMS LLC, AMERICA UNLIMITED MARKETING INC., and ANTHONY MICHAEL MCKNIGHT, an Order compelling Respondents to complete and return their respective Form 1.977.

Dated: April 3, 2023                                    Respectfully submitted,

**AINSWORTH + CLANCY, PLLC**
801 Brickell Avenue, 8th Floor
Miami, FL 33131
Telephone: (305) 600-3816
Facsimile: (305) 600-2817
*Counsel for Claimant*

By: *s/ Ryan Clancy*
Ryan Clancy, Esq.
Florida Bar No. 117650

Email: ryan@business-esq.com
Email: info@business-esq.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that a true and correct copy of the foregoing document was served upon all parties of record and that good faith attempts to meet and confer on the issues were made, pursuant to Admin Order 3.09 via phone on March 23, at 2:37pm and 3:56pm and March 24 at 2:47pm but was met with no answer so the parties were unable to come to a resolution, and that a copy of the foregoing has been served upon all parties of record via the Florida E-portal's automatically generated Email as of the date of filing of this Motion.

By: *s/ Ryan Clancy*
Ryan Clancy, Esq

Exhibit A

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA**

ZEN CAPITAL,

    *Claimant*

v.

WIDE OPEN ENTERPRISES DBA
WIDE OPEN TRIGGERS, ET AL.,

    *Respondents,*

_____/

CIVIL DIVISION

Case No.: 01-2022-CA-002743

99 CLOSED

**FINAL JUDGMENT**

**THIS CAUSE** having come before the Court upon Claimant's Motion to Confirm Arbitration Award and Enter Judgment Thereon ("Motion") pursuant to Florida Statute Sections 682.12 and 682.15, filed December 30, 2022, the Court having considered the Petition and Motion, heard argument from Claimant's counsel, and being otherwise duly advised on the premises, it is hereby:

**ORDERED AND ADJUDGED** that Claimant, ZEN CAPITAL, Shall recover from the Respondents AMERICA UNLIMITED INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY BRANDS, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY ENTERPRISES, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY GUNS 2 INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY GUNS 3, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY GUNS INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY HEALTH INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY MANUFACTURING INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY ORDNANCE, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIG DADDY UNLIMITED, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; SURVIVAL DISPATCH, INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; WFO ENTERPRISES, INC., located at 7600 NW 5th Place, Gainesville, FL 32607; XCLUDED MEDIA INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; BIPPY FILMS LLC, located at 7600 NW 5th Place, Gainesville, FL 32607; AMERICA UNLIMITED MARKETING INC., located at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702; and ANTHONY MICHAEL MCKNIGHT located at 27831 NW 46th Ave., Newberry, FL 32669, in the amount of **three million four hundred thirty three thousand three hundred sixty seven dollars and five cents ($3,433,367.05)** plus post-judgment interest accruing from the date of the Arbitration Award at a rate of 4.75% per annum, plus costs and attorneys' fees, for which let execution forthwith.

In addition, it is further **ORDERED AND ADJUDGED** the following:

1

1. Within forty-five days (45) of entry of final judgment, Respondents shall properly, completely, and candidly complete Form 1.977, the version which applies to business entities and individuals.

2. This Court shall retain jurisdiction to enforce this judgment and to further award costs and attorneys' fees.

Done and Ordered in Chambers in Gainesville, Alachua County, Florida on this Friday, February 3, 2023.

01-2022-CA-002743 02/03/2023 08:13:37 AM

Donna M. Keim, Circuit Judge
01-2022-CA-002743 02/03/2023 08:13:37 AM

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above has been served by e-portal or by First Class US Mail on this Friday, February 3, 2023.

RYAN  CLANCY, ESQ
ryan@business-esq.com
info@business-esq.com
yamila@business-esq.com

STEVEN J KALISHMAN, P.A.
steve@kalishmanlaw.com

JOSE I. MORENO, ESQ.
jimorenolaw@gmail.com
veve.morenolaw@gmail.com
recjosemorenolaw@gmail.com

01-2022-CA-002743 02/03/2023 08:15:55 AM

Theresa Hall, Judicial Assistant
01-2022-CA-002743 02/03/2023 08:15:55 AM

2

EXHIBIT "7"

## IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT,
## IN AND FOR ALACHUA COUNTY, FLORIDA

| | | |
|---|---|---|
| WIDE OPEN ENTERPRISES, | ) | **NOTICE OF APPEAL** |
| AMERICA UNLIMITED INC, | ) | **OF FINAL ORDER** |
| ANTHONY MICHAEL MCKNIGHT, | ) | |
| BIG DADDY BRANDS INC, | ) | |
| BIG DADDY ENTERPRISES INC, | ) | Case No.: 01-2022-CA-002743 |
| BIG DADDY GUNS 2 INC, | ) | Division: J |
| BIG DADDY GUNS 3 INC, | ) | |
| BIG DADDY GUNS INC, | ) | |
| BIG DADDY HEALTH INC, | ) | |
| BIG DADDY MANUFACTURING, INC. | ) | |
| BIG DADDY ORDNANCE INC, | ) | |
| OTPYG INC, SURVIVAL DISPATCH INC, | ) | |
| WFO ENTERPRISES INC, | ) | |
| XCLUDED MEDIA INC, | ) | |
| BIPPY FILMS LLC, | ) | |
| AMERICA UNLIMITED MARKETING INC, | ) | |
| | ) | |
| Respondents/Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZEN CAPITAL, | ) | |
| Claimant/Appellee. | ) | |

**RECORDED IN OFFICIAL RECORDS**
**INSTRUMENT # 3482919      9    PG(S)**
4/6/2023 4:04 PM
BOOK  5082          PAGE   73
J.K. JESS IRBY, ESQ.
Clerk of the Court, Alachua County, Florida
ERECORDED          Receipt #   1139569
Doc Stamp-Mort:  $0.00
Doc Stamp-Deed:  $0.00
Intang. Tax:  $0.00

**NOTICE IS GIVEN** that Respondents/Appellants, WIDE OPEN ENTERPRISES, AMERICA

UNLIMITED INC, ANTHONY MICHAEL MCKNIGHT, BIG DADDY BRANDS INC, BIG

DADDY ENTERPRISES INC, BIG DADDY GUNS 2 INC, BIG DADDY GUNS 3 INC, BIG

DADDY GUNS INC, BIG DADDY HEALTH INC, BIG DADDY MANUFACTURING, INC, BIG

DADDY ORDNANCE INC, OTPYG INC, SURVIVAL DISPATCH INC, WFO ENTERPRISES INC,

XCLUDED MEDIA INC, BIPPY FILMS LLC, AMERICA UNLIMITED MARKETING INC, appeal

to the First District Court of Appeal the order of this Court rendered March 3, 2023 (conformed copy

attached). The nature of the order is a final "ORDER DENYING MOTION TO SET ASIDE ORDER

CONFIRMING ARBITRATION AWARD AND FINAL JUDGMENT."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Appeal of Final Order has been furnished by e-portal service to counsel of record this 3rd day of April, 2023.

Steven Kalishman
Attorney for Respondents/Appellants
FL Bar No.: 368271
5055 SW 91st Terrace
Gainesville, FL 32608
Phone: 352.376.8600
Fax: 352. 371.8681
steve@kalishmanlaw.com

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA**

ZEN CAPITAL,                                          Case No.: 01-2022-CA-002743
    *Claimant*                                   CIVIL DIVISION J

v.

WIDE OPEN ENTERPRISES DBA
WIDE OPEN TRIGGERS, ET AL.,
    *Respondents*,
_____/

**ORDER DENYING MOTION TO SET ASIDE ORDER CONFIRMING
ARBITRATION AWARD AND FINAL JUDGMENT**

    **THIS CAUSE** having come before the Court upon Respondent BIG DADDY

UNLIMITED, INC'S. Motion for Rehearing and Motion to Set Aside Order Confirming

Arbitration Award and Final Judgment and upon Respondents, WIDE OPEN ENTERPRISES,

AMERICA UNLIMITED INC, ANTHONY MICHAEL MCKNIGHT, BIG DADDY BRANDS

INC, BIG DADDY ENTERPRISES INC, BIG DADDY GUNS 2 INC, BIG DADDY GUNS 3

INC, BIG DADDY GUNS INC, BIG DADDY HEALTH INC, BIG DADDY

MANUFACTURING, INC, BIG DADDY ORDNANCE INC, OTPYG INC, SURVIVAL

DISPATCH INC, WFO ENTERPRISES INC, XCLUDED MEDIA INC, BIPPY FILMS LLC,

AMERICA UNLIMITED, MARKETING INC ("Respondents"), Motion to Dismiss and to

Quash Service of Process ("Motion to Dismiss") and Respondent BIG DADDY UNLIMITED,

INC.'s Objections to Claimant's Subpoenas Duces Tecum ("Objections to Subpoenas"), and the

Court having considered the Motions, reviewed relevant filings on the docket, heard argument of

counsel, and being otherwise duly advised on the premises, hereby finds as follows:

## PROCEDURAL POSTURE

1.      On August 31, 2022, Claimant, ZEN CAPITAL ("Claimant"), filed a Petition to Confirm Arbitration Award and Enter Judgment Thereon ("Petition") pursuant to Florida Statute Section 682.015.

2.      On September 2, 2022, Claimant filed a Notice of Serving Standing Case Management Order via the Florida E-Portal.

3.      On September 7, 2022, Claimant Noticed a hearing on the Petition for October 14, 2022 via the Florida E-Portal.

4.      On November 7, 2022, Judge Peter K. Sieg entered an Order Denying the Petition without prejudice pending service upon all Defendants.

5.      By November 14, 2022, all Respondents had been properly served with the Petition and Summons except for Anthony Michael McKnight. On January 5, 2023, Respondent, Anthony Michael McKnight was served with a Petition and Summons.

6.      On November 21, 2022, Claimant filed a Notice of Hearing on the Petition for December 9, 2022. This Notice was filed through the Florida E-portal and was mailed to all Respondents.

7.      On December 12, 2022, Judge Peter K. Sieg entered an Order Confirming Arbitration Award.

8.      On December 15, 2022, Steven Kalisman filed a Notice of Appearance for Big Daddy Unlimited, Inc. and a Motion for Rehearing and to Set Aside Order Confirming Arbitration Award.

9.      On December 16, 2022, the Motion for Rehearing was noticed for a hearing on December 30, 2022.

10.     On February 8, 2023, Judge Peter K. Sieg entered an Order Setting Aside Order Confirming Arbitration Award *nunc pro tunc* to December 30, 2022.

11.     On December 30, 2022, Claimant filed a Motion to Confirm Arbitration Award and Enter Judgment ("Motion to Confirm") and a Motion for Default.

12.     After coordinating the hearing date and time with Steve Kalishman, Claimant filed a Notice of Hearing dated January 5, 2023, for the February 2, 2023, hearing on the Motion to Confirm. The Notice of Hearing was served upon counsel for Respondent via the E-portal and upon each Respondent via U.S. Mail to the addresses at which they were previously served.

13.     On January 25, 2023, Steven Kalishman filed a Motion to Dismiss on behalf of all Respondents arguing that Claimant's Petition should be dismissed for Claimant's failure to serve Standing Case Management Order [AOSC20-23] with the Petition and Summons.

14.     On January 26, 2023, Claimant filed a Notice of Serving Standing Case Management Order upon Respondents via the E-Portal.

15.     On February 2, 2023, the hearing was held on Claimant's Motion to Confirm. Counsel for Respondents failed to appear at this hearing. At the February 2, 2023, hearing, the Court granted Claimant's Motion to Confirm and denied Respondents' Motion to Dismiss.

16.      On February 3, 2023, the Court entered an Order Confirming Arbitration Award ("Confirming Order") and Final Judgment ("Final Judgment"). Claimant then filed a series of Notices of Intent to Serve Subpoenas ("Subpoenas").

17.     On February 12, 2023, Respondent, BIG DADDY UNLIMITED, INC., filed a Motion for Rehearing and Motion to Set Aside Order Confirming Arbitration Award and Final Judgment ("Motion for Rehearing") and Objected to Claimant's Subpoenas but failed to assert any grounds upon which the objections were based.

18.     On February 28, 2023, this rehearing was held, and the Court heard Respondents' Counsel's argument on the Motion to Set Aside the Order Confirming Arbitration Award which included argument on the Respondents' Motion to Dismiss.

## FINDINGS OF LAW AND FACT

19.     Florida Statute Section 682.015(2) states in pertinent part "notice of an initial petition to the court under this chapter must be served in the manner provided by law for the service of a summons in a civil action." Claimants have fully complied with Section 682.015.

20.     After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to s. 682.10 or s. 682.14 or is vacated pursuant to s. 682.13. Fla. Stat. Ann. § 682.12. In the absence of a motion to vacate, modify, or correct the arbitration award, the trial court must confirm the award.   *Nestor v. Ward*, App. 3 Dist., 163 So.3d 582 (2015).

21.     Florida Rule of Civil Procedure 1.070(a) states "On the commencement of the action, summons or other process authorized by law must be issued forthwith by the clerk or judge under the clerk's or the judge's signature and the seal of the court and delivered for service without praecipe." Claimant properly served Respondents with summonses under the clerk's signature and seal of the court and delivered service without praecipe in full compliance with Florida Rule of Civil Procedure 1.070.

22.     Although, Eighth Judicial Circuit of Florida Administrative Order No. 3.09 states that "[t]he plaintiff shall cause the standing order to be served, along with the complaint, on each named defendant," failure to serve the Standing Case Management Order [AOSC20-23] does not invalidate otherwise proper service of process or deprive a defendant of due process. Claimant

originally e-filed the Standing Case Management Order on September 2, 2022, and then served the Standing Case Management Order on Respondents' counsel on January 26, 2023. The Claimant cured any possible defect of compliance with Admin Order 3.09 by serving Respondents with the Standing Case Management Order through their counsel of record via email and through the Florida E-Filing Portal's automatically generated Email.

23.     Respondents' counsel acknowledges that the Standing Case Management Order was served via email to counsel.

24.     Florida Rule of General Practice and Judicial Administration 2.516(a) states that "every pleading subsequent to the initial pleading and every other document filed in any court proceeding, except applications for witness subpoenas and documents served by formal notice or required to be served in the manner provided for service of formal notice, must be served in accordance with this rule on each party." The Standing Case Management Order does not fall under any of those exceptions. Rule 2.516(b)(1) goes on to require that all documents "must be served by e-mail". Therefore, Claimant's service of the Standing Case Management Order via email was proper and cured the technical violation of AO 3.09. Therefore, Respondents are not entitled to quash service due to Claimant's service of the Case Management Order by email.

25.     The Florida Supreme Court has explained "The fundamental principle of due process of law demands notice and an opportunity to be heard before final judgment." *Cavalier v. Ignas*, 290 So. 2d 20, 21 (Fla. 1974). "The object to be accomplished by service of process is to advise the defendant that an action has been commenced against him and warn him that he must appear within a certain time and at a certain place to make such defense as he has." *Gilliam v. Smart*, 809 So. 2d 905, 907 (Fla. 1st DCA 2002). Insofar as each Respondent was

served with a copy of the petition, this goal was accomplished, and service was thus properly completed.

26.    Claimant properly noticed Respondents via service of process of the Petition and Summonses, and properly noticed the February 2, 2023, hearing, after coordinating same with Respondents' counsel, which provided Respondents an opportunity to be heard before final judgment. The Notice of Hearing was served upon counsel for Respondents as well as the individual Respondents. The Respondents, who chose not to appear at the hearing, have not been deprived of their due process rights.

27.    At no time prior to the duly noticed hearing did counsel contact the Court to question whether the hearing was being cancelled or to suggest that it should be cancelled due to the lack of a good faith certification. Rather, counsel chose to disregard the Notice of Hearing and to not appear at a properly noticed hearing.

28.    Although the motion is filed under Fla. R. Civ. P. 1.530 instead of Fla. R. Civ. P. 1.540, counsel's argument is akin to seeking to set aside the judgment based on excusable neglect or mistake. "Excusable neglect requires a showing of both a legal excuse for failing to comply with the Florida Rules of Civil Procedure and a meritorious defense." *DiSarrio v. Mills*, 711 So. 2d 1355, 1356 (Fla. 2d DCA 1998). "Excusable neglect must be proven by sworn statements or affidavits...Unsworn assertions of excusable neglect are insufficient." *Id.* Counsel's motion does not comply with these requirements as it is not sworn, and it does not include a meritorious defense.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.    Respondents' Motion to Set Aside Order Confirming Arbitration Award and Final Judgment is **DENIED**.

2.      Respondents' Objections are **OVERRULED.**

3.      The Confirming Order and Final Judgment remain valid and outstanding.

4.      The Court reserves jurisdiction to determine whether Claimant is entitled to reasonable attorneys' fees pursuant to Florida Statute Section 682.015.

Done and Ordered in Chambers in Gainesville, Alachua County, Florida on this Thursday, March 2, 2023.

01-2022-CA-002743 03/02/2023 11:22:54 AM

Donna M. Keim, Circuit Judge
01-2022-CA-002743 03/02/2023 11:22:54 AM

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above has been served by e-portal or by First Class US Mail on this Thursday, March 2, 2023.

RYAN  CLANCY, ESQ
ryan@business-esq.com
info@business-esq.com
yamila@business-esq.com

STEVEN J KALISHMAN, ESQ
steve@kalishmanlaw.com

JOSE I. MORENO, ESQ.
jimorenolaw@gmail.com
veve.morenolaw@gmail.com
recjosemorenolaw@gmail.com

01-2022-CA-002743 03/02/2023 11:52:17 AM

Theresa Hall, Judicial Assistant
01-2022-CA-002743 03/02/2023 11:52:17 AM

EXHIBIT "8"

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

IN RE:     STANDING ORDER OF REFERENCE         4:95mc4011
             REGARDING TITLE 11

_____/

## ADMINISTRATIVE ORDER

     Pursuant to 28 U.S.C. Section 157(a) all cases under Title 11 (Bankruptcy) and all proceedings arising under Title 11 (Bankruptcy) or arising in or related to a case under Title 11 (Bankruptcy) are referred to the bankruptcy judge(s) of this district.

     If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge in a particular proceeding referred under this order and determined to be a core matter would not be consistent with Article III of the United States Constitution, the bankruptcy judge shall, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court.  The district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution.

     **DONE AND ORDERED** this 5th day of June, 2012.


               s/ *M. Casey Rodgers*
               **M. CASEY RODGERS**
               **CHIEF UNITED STATES DISTRICT JUDGE**